UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. McKENZIE, | No. 2:07 CV 01627 AWT |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| JAMES A. YATES, Warden | |
| Respondent. | |

### Facts

Petitioner Gary McKenzie is serving a 17-year, 8-month sentence of imprisonment at Pleasant Valley State Prison, pursuant to a plea bargain after a no contest plea to possession for sale of cocaine base (CAL. HEALTH & SAFETY CODE § 11351.5) and of methamphetamine (CAL. HEALTH & SAFETY CODE § 11378), and

being a felon in possession of a firearm (CAL. PENAL CODE § 12021(a)(1)).

McKenzie appealed and, on appeal, his appointed counsel filed a *Wende* brief[1] indicating that counsel could, after searching the record, find no meritorious issue to argue on appeal.[2] The California Court of Appeal affirmed his conviction. McKenzie's habeas petition to the California Supreme Court was summarily denied, and he then filed this currently-pending federal habeas petition.   He asserts that he received ineffective assistance of counsel ("IAC") both in the state trial court and in his direct appeal.  The State does not contest that these claims have been exhausted. Upon review of the petition, the State's answer, and the state court record, the court determines, under Rule 8(a), Rules Governing § 2254 Cases in the U.S. District Courts, that this petition may be ruled on without an evidentiary hearing.

McKenzie claims IAC in the trial court because his counsel failed to investigate and consider exculpatory evidence.  He does not explain, however, how this evidence affected his *nolo* plea. Under *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not

---

[1] So named after *People v. Wende*, 600 P.2d 1071 (Cal. 1979), the California analog to *Anders v. California*, 386 U.S. 738 (1976).

[2] McKenzie filed, *pro se*, a letter contending that he received ineffective assistance in the trial court.

have pleaded [no contest] and would have insisted on going to trial." No such showing has been alleged in this petition.

As for his IAC claim on direct appeal, McKenzie does not explain or argue how his appellate counsel could raise any issues going to guilt or innocence, or any other colorable issue, given his *nolo* plea. Thus, the court agrees with the state court that the above claim does not meet the constitutional standard under *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984), that, in order to prevail on an IAC claim, McKenzie must show that he was prejudiced by his counsel's action. Under the circumstances of this case, there is no way that he can make a showing of prejudice.

Under the AEDPA, the state court did not unreasonably apply *Strickland* as to either of McKenzie's IAC claims.

## Conclusion

The court determines under Rule 8(a) of the Rules Governing § 2254 Cases in the U.S. District Courts, that no evidentiary hearing is required. The court further determines, as the foregoing examination of petitioner's allegations reveals, that the petition fails to state a viable claim for relief under federal law. Accordingly, the

-3-

petition for writ of habeas corpus is **DISMISSED.**

Dated:  September 29, 2009.

                */s/ A. Wallace Tashima*
                United States Circuit Judge
                Sitting by designation.